**CITIZENS NATIONAL BANK OF ST. PETERSBURG, Plaintiff,**

v.

**The TRAVELERS INDEMNITY COMPANY, Defendant.**

**No. 66–104 Civ. T.**

United States District Court
M. D. Florida,
Tampa Division.

Dec. 29, 1967.

Jack Clark, Harris, Wing, Clark & Green, St. Petersburg, Fla., for plaintiff.

Thomas C. MacDonald, Jr., of Shackleford, Farrior, Stallings & Evans, Tampa, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KRENTZMAN, District Judge.

This is a diversity suit on a Banker's Blanket Bond issued by defendant to plaintiff. Plaintiff claims loss by false pretense or common law or statutory larceny in an amount of $48,457.64, reduced at trial to $45,132.14, plus reasonable attorneys' fees and costs, as a result of a check kiting scheme. Defendant denies a loss of property on the premises by false pretense or larceny falling within insuring clauses of the bond occurred and alternatively alleges that any loss is within an exclusionary clause of the bond as a loan. After a trial without a jury the Court makes the following:

### FINDINGS OF FACT

1. The plaintiff, Citizens National Bank of St. Petersburg, (hereinafter called Citizens) is a national banking association with its principal office located in St. Petersburg, Pinellas County, State of Florida.

2. The defendant, The Travelers Indemnity Company, (hereinafter called Travelers) is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in the State of Connecticut.

3. Travelers issued to Citizens a Banker's Blanket Bond (Standard Form 24) which was in full force and effect at all times material to this case.

4. On or about April 1964, there was established in Citizens a checking account in the name of Auto Ranch Thun-

derbird Corner, wherein one Dale E. Gordon was signatory. This account continued to be active until on or about January 22, 1965. On or after that date as a result of information apparently received by Citizens from First National Bank of St. Petersburg no further checks were paid by Citizens on the account. Accordingly, by January 29, 1965, the bank ledger card maintained by Citizens for this account reflected an overdraft in the amount of $48,457.64.

5. Of the foregoing overdraft it is the contention of Citizens that $45,132.-14 represents a loss occasioned as a result of a false pretense or larceny perpetrated by Dale E. Gordon by means of a check kiting scheme.

6. Exclusion (d) of the Banker's Blanket Bond provided that the following loss is excluded from coverage:

"Section 1. THIS BOND DOES NOT COVER:

\*  \*  \*  \*  \*  \*

(d) Any loss the result of the complete or partial non-payment of or default upon any loan made being obtained from the Insured, whether procured in good faith, through trick, artifice, fraud, or false pretenses, except when covered by Insuring Clause (A), (D) or (E)."

7. The Court finds that the plaintiff has failed to establish by preponderance of the evidence that it suffered any loss by larceny or false pretenses as contemplated by the Banker's Blanket Bond and that in any event, the preponderance of the evidence establishes that any loss which could have been suffered by Citizens was as a result of the extension of credit or a loan within the meaning of exclusion (d).

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter of this action and venue is properly laid in the Tampa Division of the Middle District of Florida.

2. Plaintiff is not entitled to effect any recovery herein against the defend-ant and the defendant is entitled to the entry of a judgment in its favor and against the plaintiff and to have its costs taxed by the Clerk in accordance with applicable rules.

3. Judgment may be settled and submitted.